UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-8524-DLB

IN THE MATTER OF THE SEARCH
OF THE PERSON MORE PARTICULARLY
DESCRIBED IN ATTACHMENT A
_____/

## ORDER

The Court has been asked to issue a warrant seeking to seize electronic devices and to thereafter force the production of biometric data to unlock these devices. Biometrics or biometric recognition is defined as "unique physical characteristics, such as fingerprints, that can be used for automated recognition" and "covers a variety of technologies in which unique identifiable attributes of people are used for identification and authentication." *Biometrics*, U.S. Department of Homeland Security, https://www.dhs.gov/biometrics; *What is Biometrics*, Biometrics Institute, https://www.biometricsinstitute.org/what-is-biometrics/. Courts are divided as to the propriety of forcing the production of biometric information that serves the same purpose as a typed passcode. It is clear if an individual uses a passcode, the contents of which they keep in their mind, they cannot be forced to divulge that passcode without violating the Fifth Amendment. *See U.S. v. Hubbell*, 530 U.S. 27 (2000); *Doe v. U.S.*, 487 U.S. 201 (1988). Should biometric codes be treated the same?

It is the sense of this Court that our society believes using biometrics to secure a device makes that device more secure than a passcode. A passcode can be guessed. Biometric data cannot. A lost or stolen phone secured by biometrics cannot be opened. The

average citizen would be quite surprised to learn using biometric codes rather than passcodes makes their device more secure from everyone—except the Government.

It is true that biometrics are physical characteristics. And it is true that Courts have for years authorized the compelled production of a host of these characteristics: fingerprints, footprints, trying on clothes, uttering certain phrases, handwriting exemplars, blood, and more recently DNA, as discussed by U.S. Magistrate Judge Sunil Harjani in *Matter of Search Warrant Application for Cellular Telephone in U.S. v. Anthony Barrera*, Case No. 19 CR 439, 2019 WL 6253812 (N.D. Ill. Nov. 22, 2019). In all of those situations, however, the biometric has been seized to compare it with a piece of evidence. Is the fingerprint, DNA, etc., connected with the crime identical to that seized from the defendant? Here the biometrics are a code. The legal system should treat things as what they are. A fingerprint used for comparison with evidence should be treated as such; a fingerprint used as a code should be treated as such.

The Court, unfortunately disagreeing with Judge Harjani's ultimate conclusion, agrees with U.S. Magistrate Judge Westmore's decision in *Matter of the Search of a Residence in Oakland, California*, 354 F. Supp. 3d 1010 (N.D. Cal. 2019), that the production of biometric codes is testimonial and thus entitled to Fifth Amendment protection. Further, Fourth Amendment interests are implicated as well. *See Riley v. California*, 573 U.S. 373 (2014). The privacy expectation in a locked cellular telephone is high, primarily because such devices contain the person's history: their social media accounts, emails, texts, banking information, GPS locations, online search history, the books they read, the music they listen to, and the visual entertainments they watch. And, of course, their phone call history.

For the reasons set forth above, the Government's search warrant application is **GRANTED IN PART AND DENIED IN PART** as follows. The Government may seize those digital devices that law enforcement believes are owned and/or possessed by the suspect named in the affidavit. The Government may not compel or otherwise utilize fingers, thumbs, facial recognition, or any other biometric feature to unlock electronic devices. Finally, the Court hereby **SEALS** the search warrant application, including all attachments thereto. This Order, however, shall be a matter of public record and shall accordingly be docketed by the Clerk of the Court.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 6th day of December, 2019.

_____
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE